STATE OF MAINE
OXFORD, ss.

RECEIVED AND FILED
JUL 2 3 2002
Donna L. Howe
CLERK OF COURTS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-015

JAY M. DALY, M.D.,

    Plaintiff

v.

BOARD OF LICENSURE IN MEDICINE,

    Defendant

ORDER AND DECISION

DONALD L. GARBRECHT
LAW LIBRARY

JUL 25 2002

Dr. Jay M. Daly is a radiologist who works at the hospital in Bridgton, Maine. A nursing supervisor sent a letter of complaint dated April 9, 2001 to the Maine Board of Licensure in Medicine which suggested that Dr. Daly had been guilty of unprofessional conduct. The letter focused on his demeanor in his treatment of hospital staff regarding x-ray requisition procedures. It was alleged that he was verbally aggressive, that he persisted in a strong and mean tone and that his behavior was ". . . inappropriate, unprofessional . . ." and warranted review.

By letter dated May 21, 2001 the Board informed Dr. Daly that it had received the letter which included an accusation that he was loud and verbally aggressive and the had been yelling at another nurse as well. The Board indicated in its letter that, pursuant to 32 M.R.S.A. § 3282-A, it had voted on its own motion to issue a complaint against him alleging unprofessional conduct. He was required to respond in writing.

In his response Dr. Daly asserted that the complaint did not satisfy procedural due process because no specific standard of professional behavior was claimed to

have been violated because of the alleged unprofessional conduct. It was also argued that the allegations did not implicate any standard of professional conduct governing Dr. Daly's profession.

After a review of the letter from the nursing supervisor and the written response of Dr. Daly, the Board dismissed the complaint but issued a letter of guidance dated October 10, 2001 pursuant to 10 M.R.S.A. § 8003(5)(E). These letters ". . . may be used to educate, reinforce knowledge regarding legal or professional obligations and express concern over action or inaction by the licensee or registrant that does not rise to the level of misconduct sufficient to merit disciplinary action." While these letters are not adverse disciplinary actions they are not confidential and may be placed in the licensee's or registrant's file for up to 10 years and may be considered in the event of future disciplinary proceedings. See 10 M.R.S.A. § 8003(5)(E).

The letter of guidance found that Dr. Daly's behavior was disruptive and breached the applicable standard of professional behavior based on guidelines published by the Federation of State Medical Boards. Dr. Daly asked the Board to withdraw the letter of guidance, or amend it, or withdraw it from his licensure file. After the Board declined to do so an appeal was taken to the Superior Court. The first issue raised is whether the complaint satisfied the requirements of procedural due process. While the letter of guidance is not a form of sanction listed at 32 M.R.S.A. § 3282-A(2) in that Dr. Daly's license was not suspended or revoked and the Board did not refuse to issue, modify, or refuse to renew his license, the letter of

2

guidance did, without stating directly, find that he had engaged in unprofessional conduct, criticized his actions and told him to improve his behavior. It may not have been called disciplinary action or characterized as a sanction but it is.

In Balian v. Board of Licensure in Medicine, 1999 ME 8, 722 A.2d 364 the Law Court vacated a $1,500 civil penalty imposed for "unprofessional conduct" because the Board had failed to reveal and introduce in evidence the standards of professional ethics that were found to be violated. Pursuant to 32 M.R.S.A. § 3282-A(2)(F), a licensee has engaged in unprofessional conduct if "he violates any standard of professional behavior which has been established in the practice for which the licensee is licensed." Here the Board, in its letter of May 21, 2001, never informed Dr. Daly what established standard of professional behavior he was accused of violating. The standard of behavior was not disclosed until the letter of guidance of October 10, 2001. Dr. Daly was informed in the letter of May 21, 2001 of the accusation against him but was never told what established standard that conduct violated.

If the letter of guidance was merely a letter of guidance, the failure to disclose the standard in the letter of complaint might be harmless error. While the letter of guidance does not suspend or revoke a license it does contain adverse findings, it is public and could be used against Dr. Daly in the future.

Because the letter of May 21, 2001 was inadequate I need not consider the separate issue of whether the Board could properly make factual findings adverse to Dr. Daly based only on written submissions where factual disputes exist.

3

The entry is:

Judgment for the plaintiff. The letter of guidance of October 10, 2001 shall be withdrawn. The clerk is directed to incorporate this order by reference in the docket pursuant to Rule 79(a).

Dated: July 18, 2002

Paul A. Fritzsche
Justice, Superior Court

4

Date Filed 11-16-01          OXFORD                    Docket No.   AP 01-15
                              County

Action APPEAL/ RULE 80C


JAY M. DALY, M.D.                              BOARD OF LICENSURE IN MEDICINE
                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| THOMAS V LAPRADE ESQ<br>PHILIP M COFFIN III ESQ<br>477 CONGRESS STREET 14th FLOOR<br>PO BOX 15215<br>PORTLAND ME 04101 04112-5215 | RUTH E.MCNIFF AAG<br>PROFESSIONAL & FINANCIAL REGULATION DIVISON<br>6 STATE HOUSE STATION<br>AUGUSTA ME 04333-0006 |

| Date of Entry | |
|---|---|
| 11-16-01 | Rule 80C Petition for Review of Final Agency Action filed. |
| 11-16-01 | Filing Fee of $100 received. |
| 12-18-01 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions. The petitioners brief is due 40 days after 12-18-01, January 30,2002. Copy to T.Laprade, Esq. and Board of Licensure in Medicine. |
| 12-18-01 | Complete file reviewed by the Board of Licensure in Medicine filed. |
| 01-22-02 | Order on Motion for Enlargment of Time in Which to File A Brief for the Petitioner filed: Motion Granted, without objection. Petitioner to filed brief on or before 03-01-02. S/ Gorman,J. Dated:01-23-02. Copy to T.Laprade, Esq., P.Coffin, Esq and Board of Licensure in Medicine. |
| 02-27-02 | Motion for Enlargement of Time in which to File a Brief for the Petitioner filed. |
| 02-27-02 | Order filed on Motion for Enlargement of Time in which to File A Brief for the Petitioner. Motion Granted. S/Warren, J. Dated 02-27-02. Copy T.Laprade, Esq. 03-01-02 and Ruth Mcniff AAG. |
| 03-08-02 | Brief of the Petitioner for Review of Final Agency Action filed. |
| 03-29-02 | Motion for Enlargement of Time in which to File Brief for Respondent filed. |
| 03-29-02 | Order filed on Motion for Enlargement of Time in Which to file brief for Repsondent: Motion Granted without objection, respondent to file brief on or before May 8,2002. S/Gorman, J. Dated: 03-29-02. Copy to Thomas Laprade, Esq., Philip Coffin, Esq., and Ruth Mcniff, Esq. |

| Date of Entry | Docket No. AP 01-15 |
|---|---|
| 05-08-02 | Brief in opposition to petition for review filed. |
| 05-16-02 | Reply Brief of the Petitioner for Review of Final Agency Action filed. |
| 06-25-02 | Hearing held on 80C Appeal.<br>Fritzsche, Justice Presiding, no court reporter,<br>T. Laprade, Esq. for Plff. and R. McNiff, Esq. for def.<br><br>Case taken under advisement. Justice Fritzsche has filed. |
| 07-22-02 | Order and Decision filed: Judgment for the Plaintiff. S/ Fritzsche, J.<br>Dated 07-18-02.<br>Copy to T. Laprade, Esq., and R.Mcniff, Esq.<br>Copy of Order and Decision and Docket Sheet to Goss Data Services, Inc.,<br>Maine Lawyers Review, and University of Maine Law Library. |